UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORIGA

| | |
|---|---|
| ROBERT WILLIAM JACKSON, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HOLLIS COBB ASSOCIATES, INC. dba PATIENT ACCOUNTS BUREAU,<br><br>　　　　Defendant. | Docket No.<br><br>**CLASS ACTION COMPLAINT**<br>DEMAND FOR JURY TRIAL |

Plaintiff Robert William Jackson ("Plaintiff"), brings this Class Action Complaint by and through his attorneys, against Defendant Hollis Cobb Associates, Inc. dba Patient Accounts Bureau ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt

collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Georgia, County of Clayton.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with an address for service of process in Georgia c/o Michael B Cobb, 3175 Satellite Blvd., Suite 400, Duluth, GA 30096.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a. all individuals with addresses in the State of Georgia;

    b. to whom Defendant sent an initial collection letter;

    c.    attempting to collect a consumer debt;

    d.    providing an amount owed;

    e.    based on a particular date range between a date certain and "today";

    f.    without dating the collection letter

    g.    which was sent on a date on or after the CFPB Regulation F took effect on November 30, 2021;

    h.    which failed to include all necessary information and notices under 12 CFR §§ 1006.34 and/or 1004.42; and

    i.    which letter was sent on or after a date one (1) year prior to the filing of this action and on or before January 10, 2024.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written

communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms

   **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

c. **<u>Typicality:</u>** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum

efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to October 18, 2022, Plaintiff allegedly incurred an obligation with Piedmont Heart Institute ("Piedmont") arising out of a transaction where Plaintiff was provided with medical services.

22. The alleged Piedmont obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

23. Piedmont is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

24. Upon information and belief, Piedmont contracted with Defendant to collect the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – Undated Collection Letter*

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 25 above herein with the same force and effect as if the same were set forth at length herein.

27. On a date better known by Defendant, Defendant sent Plaintiff a collection letter regarding the debt owed to Piedmont. *See "Letter"* attached hereto as **Exhibit A**.

28. The Letter is not dated.

29. Despite the fact that the Letter lacks a date, Defendant states, in relevant part:

You owe a debt to PIEDMONT HEART INSTITUTE PHYSICIANS
with the account number ******4402

| | |
|---|---|
| As of October 18, 2022, you owed: | $1,462.00 |
| Between October 18, 2022, and today: | |
| You were charged this amount in interest: | + $0.00 |
| You were charged this amount in fees: | + $0.00 |
| You paid or were credited with this amount toward the debt: | - $1,242.70 |
| **Total amount of the debt now:** | **$219.30** |

30. There is no way to determine from the Letter which date "today and "now" refer to, as the Letter is not dated.

31. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular date.

32. It is common practice to date official letters.

33. Letters that lack a date make them seem illegitimate.

34. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inaccurate, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

35. The fact that the Defendant did not date the Letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

36. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

37. By withholding the date of the Letter, Defendant withheld a material term from Plaintiff which made it confusing for him to understand the nature of the subject debt.

38. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letters to leave the consumer somewhat uninformed.

39. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

40. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

41. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

42. One important element of consumer protection revolves around keeping the consumer informed.

43. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

44. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

45. These violations by Defendant were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

46. As dating a letter is so basic in the business world, the fact that Defendant left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

47. The non-dated letter coupled with the references to "today" and "now" make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

48. Defendants' actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

49. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

50. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

51. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA

provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

52. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

53. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

54. Plaintiff was misled and concerned by the Letter.

55. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

56. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

57. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt

collection informational furnishment and ultimate dissemination, to third parties.

58. Plaintiff cannot be pay the alleged debt, trusting the Defendant, when it appears that the information stated in the Defendant's Letter is incorrect and/or misleading.

59. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

60. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

61. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

62. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or otherwise improper monies.

63. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused the Defendants' furnishment, and the ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

64. Moreover, as a result of the Defendants' violations, Plaintiff has suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep.

65. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

66. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

67. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, conversion, and defamation.

68. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

69. Plaintiff is entitled to receive a straightforward G-Notice as required by the FDCPA.

70. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to overshadow it in violation of the law.

71. These violations by the Defendants were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

72. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

73. Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

74. Defendants' actions created an appreciable risk to the Plaintiff of being unable to properly respond to, or handle, Defendants' debt collection.

75. Plaintiff was confused and misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

76. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

77. Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

78. As a result of the Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

79. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 78 above herein with the same force and effect as if the same were set forth at length herein.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

81. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendant violated §1692e:

    a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. By making a false and misleading representation/omissions in violation of §1692e(10).

83. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §1692f** *et seq.*

84. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 78 as if set forth herein.

85. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

86. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

87. Defendant violated §1692f:

    a. By omitting a material term from the dunning letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

88. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g** *et seq.*

89. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 78 as if set forth herein.

90. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

91. Pursuant to 15 USC §1692g(a):

    Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    1. The amount of the debt;

    2. The name of the creditor to whom the debt is owed;

    3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

92. Defendant violated Section 1692g(a):

   a. Failing to properly provide the amount of the debt, by pegging it to an unknown date.

93. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

94. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Robert William Jackson, demands judgment from Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);
2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);
4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

5. For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: January 10, 2024

                                          Respectfully Submitted,

                                          */s/ Misty Oaks Paxton*  
                                          By: Misty Oaks Paxton, Esq.  
                                          3895 Brookgreen Point  
                                          Decatur, GA 30034  
                                          Phone: (405) 529-6257  
                                          Fax: (775) 320-3698  
                                          attyoaks@yahoo.com

                                          *Attorney for Plaintiff*